```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONSUELO DELVALLE,

                Plaintiff,

-v-

AIRPORT SHOPPES AND HOTELS CORP., *et al.*,

                Defendants.

No. 13-cv-8308 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Consuelo Delvalle originally brought this action against Defendants Airport Shoppes and Hotels Corp. ("Airport Shoppes"), Starwood Hotels & Resort Management Company, Inc. ("Starwood Management"), and Starwood Hotels & Resorts Worldwide, Inc. ("Starwood Worldwide") in New York State Supreme Court, Bronx County. Defendants removed the action to this Court on the basis of diversity of citizenship. Now before the Court is Plaintiff's motion to remand for lack of subject matter jurisdiction. For the following reasons, the motion is denied.

## I. BACKGROUND[1]

    This case involves an accident that occurred at the Four Points By Sheraton Caguas Real Hotel and Casino (the "Hotel") in Puerto Rico. (Compl. ¶ 5.) Airport Shoppes owned and

---

[1] The background facts are taken from the Notice of Removal (Doc. No. 3 ("NOR")) and the state court Complaint (*id.* Ex. A ("Compl.")) and are, unless otherwise noted, undisputed for purposes of this motion.

managed the Hotel, and entered into agreements with both Starwood Management and Starwood Worldwide for those corporations to "operate, maintain, manage, and control the Hotel" as Airport Shoppes's agents. (*Id.* ¶¶ 5–11.) Plaintiff alleges that, on July 12, 2012, while she was a guest at the Hotel, she tripped and fell over carpeting in her room, fracturing her hip. (*Id.* ¶¶ 14–15.) Plaintiff is a New York resident. (*Id.* ¶ 1.) Airport Shoppes is a Puerto Rico corporation with its principal place of business in Puerto Rico. (NOR ¶ 17.) Starwood Worldwide is a Maryland corporation with its principal place of business in Connecticut. (*Id.* ¶ 19.) Starwood Management is a Delaware corporation and, as discussed below, its principal place of business is disputed. (*Id.* ¶ 18.)

Plaintiff brought the Complaint, asserting a single claim for negligence, in New York State Supreme Court, Bronx County, on August 28, 2013. (Compl.) On November 20, 2013, Defendants removed the action to this Court on the basis of diversity of citizenship. (NOR ¶ 7.) On January 1, 2014, Plaintiff filed, with leave of the Court, the instant motion to remand for lack of subject matter jurisdiction. (Doc. No. 9.) The motion was fully briefed on January 31, 2014. (Doc. No. 12.)

## II. LEGAL STANDARD

A defendant in an action pending in state court may remove that action to federal court only if the pending action could have originally been brought in federal court on the basis of either federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. § 1441(b). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274

(2d Cir. 1994) (citation omitted). If the removing party is invoking diversity jurisdiction, it is that party's burden to demonstrate, by a preponderance of the evidence, that complete diversity among the parties existed not only at the time of removal, but also when the state complaint was filed. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56–57 (2d Cir. 2006) ("We generally evaluate jurisdictional facts . . . on the basis of the pleadings, viewed at the time when defendant files the notice of removal."); *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[W]here [the] basis of removal is diversity[,] then diversity of citizenship must exist at [the] time [the] action was filed in state court as well as at [the] time of removal." (citation omitted)); *id.* at 305 ("Where, as here, jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with competent proof and justify [its] allegations by a preponderance of [the] evidence." (citation and internal quotation marks omitted)). A case may be remanded back to state court "[i]f the record . . . does not reflect diversity." *Vasura v. Acands*, 84 F. Supp. 2d 531, 535–36 (S.D.N.Y. 2000); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. DISCUSSION

This case presents no federal question and this Court's jurisdiction exists, if at all, on the basis of diversity of citizenship between the parties. 28 U.S.C. § 1332(a). A corporation is a citizen of the state where it is incorporated and of the state where it has its principal place of business. *Id.* § 1332(c)(1). Defendants assert that Airport Shoppes has its principal place of business in Puerto Rico and that Starwood Worldwide and Starwood Management both have their

3

principal places of business in Stamford, Connecticut.[2] (NOR ¶¶ 17–20.) Plaintiff contends that, at the time the Complaint was filed, *see United Food*, 30 F.3d at 301, Starwood Management had its principal place of business in White Plains, New York. Thus, the only issue presented by the motion is whether Defendants have met their burden of proving by a preponderance of the evidence that, as of August 28, 2013, Starwood Management had its principal place of business in Connecticut. The Court concludes that they have.

Plaintiff's sole basis for contending that Starwood Management's principal place of business was in New York is a May 2013 printout from the New York Department of State ("NYDOS") website, listing "1111 Westchester Avenue, White Plains, New York" as the "Principal Executive Office" of Starwood Management. (Doc. No. 9-1 Ex. B.) To rebut this contention and to prove that Starwood Management's principal place of business was in fact in Connecticut, Defendants have submitted an affidavit from the Vice President and Associate General Counsel of Starwood Worldwide, David Marshall, declaring that: (1) Starwood Management is a subsidiary of Starwood Worldwide (Aff. of David Marshall, dated Jan. 16, 2014, Doc. No. 11-4 ("Marshall Aff.") ¶ 1); (2) both Starwood Worldwide and Starwood Management used to maintain their headquarters at the same address in White Plains, New York (*id.* ¶ 11); (3) on January 18, 2012, both Starwood Management and Starwood Worldwide moved their headquarters to the same address in Stamford, Connecticut, which remains the principal place of business for both entities (*id.* ¶¶ 4–5, 7–8, 10); and (4) the NYDOS website incorrectly listed the old White Plains address for Starwood Management and has since been corrected (*id.* ¶¶ 9, 11; *see*

---

[2] It is undisputed that Defendants are all incorporated outside of New York. (Compl. ¶¶ 3, 6, 8; NOR ¶¶ 17–19.)

4

Case 1:13-cv-08308-RJS Document 13 Filed 08/20/14 Page 5 of 7

*also* Doc. No. 9-1 Ex. C (indicating Starwood Management filed an address change form in September 2013)). Defendants have also submitted a copy of a January 18, 2012 press release announcing that Starwood Worldwide "has relocated its global headquarters from White Plains, NY to Stamford." (Marshall Aff. Ex. B.)

At the outset, the Court notes that this is a purely factual issue and does not involve a dispute about the application of the case law concerning what constitutes a "principal place of business." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010). In other words, the dispute is about whether Starwood Management *in fact* moved its main office from New York to Connecticut, not about whether Starwood Management's office qualifies as a "principal place of business" under the legal standard. Based on the record before it, the Court concludes that Defendants have met their burden of showing by a preponderance of the evidence that Starwood Management moved its principal place of business from New York to Connecticut prior to August 28, 2013.

First, the Marshall affidavit states that Starwood Management is a subsidiary of Starwood Worldwide and that both corporations moved from the New York address to the Connecticut address in January 2012. (Marshall Aff. ¶ 1, 7–8, 10.) The sworn statement of the Vice President and Associate General Counsel of Starwood Management's parent company is sufficient to meet the burden of showing that the corporation moved its headquarters. *See, e.g., Kanowitz v. Broadridge Fin. Solutions, Inc.*, No. 13-cv-649 (DRH) (AKT), 2014 WL 1338370, at *10 (E.D.N.Y. Mar. 31, 2014) ("[C]ourts in the Second Circuit regularly find a corporate officer's sworn statement to be sufficient proof of a corporation's principal place of business."). Plaintiff's argument that the Marshall affidavit is "conclusory" misses the mark (Doc. No. 12 at 3), since the dispute here is one of objective fact, not legal characterization. *See Ashcroft v. Iqbal*, 556 U.S.

5

662, 678 (2009) (explaining that a statement is conclusory if it merely recites, without actually supporting, a legal conclusion). Here, Defendants offer the Marshall affidavit not for the legal conclusion that Starwood Management's Connecticut office should be characterized as its principal place of business, but to support the factual contention that Starwood Management actually moved to Connecticut in January 2012.

Second, the Court is not persuaded by Plaintiff's argument that the statement in the January 18 press release that Starwood Worldwide "is not leaving New York state where [it] has 27 hotels and more than 4,000 associates" proves that Starwood Management has its principal place of business in New York. (Marshall Aff. Ex. B.) The press release pertains only to Starwood Worldwide, not Starwood Management. Furthermore, there is nothing inconsistent, or even unusual, about a corporation operating a significant part of its business in a state, while controlling that business through its "nerve center" in a different state. *Hertz*, 559 U.S. at 96.

Finally, Plaintiff's arguments that Defendants have failed to prove Starwood Management's "intent to remain in Connecticut indefinitely" or to prove Starwood Management's "domicile" by "clear and convincing evidence" are misguided. The concept of a "domicile" and the case law interpreting it – including the rule that a change in domicile must be proved by clear and convincing evidence, *see Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) – pertain to natural persons, not corporations, *Dargahi v. Hymas*, No. 05-cv-8500 (BSJ), 2008 WL 8586675, at *2 (S.D.N.Y. Oct. 15, 2008) ("This is probably because the term 'domicile' most appropriately applies to natural persons, not corporations or unincorporated associations." (citing Restatement (Second) of Conflict of Laws § 11)), *aff'd sub nom. Dargahi v. Honda Lease Trust*, 370 F. App'x 172 (2d Cir. 2010). By statute, the citizenship of a corporation is governed by its

place of incorporation and its principal place of business. 28 U.S.C. § 1332(a). The case law interpreting the term "principal place of business" makes no mention of an intent-to-remain requirement or a requirement that a change in the principal place of business be proved by clear and convincing evidence. *See, e.g.*, *Hertz*, 559 U.S. at 96 (reiterating that party invoking diversity jurisdiction bears burden of persuasion, but omitting any mention of clear and convincing proof requirement).

IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiff's motion to remand is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at Doc. No. 9.

IT IS FURTHER ORDERED THAT Plaintiff shall file an amended complaint that conforms to the Federal Rules of Civil Procedure no later than August 26, 2014.

IT IS FURTHER ORDERED THAT, by September 3, 2014, the parties shall submit to the Court a proposed case management plan and scheduling order. A template for the order is available at: http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1059. The proposed case management plan should be filed on ECF and emailed to the following email address: sullivanNYSDchambers@nysd.uscourts.gov.

IT IS FURTHER ORDERED THAT the parties shall appear for a status conference on September 19, 2014, at 10:30 a.m.

SO ORDERED.

Dated:  August 20, 2014
        New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE